## TOWNSEND v. MEYERS.

(Supreme Court, Appellate Division, First Department.   February 3, 1911.)

1. ATTORNEY AND CLIENT (§ 30*)—ACTIONS BETWEEN ATTORNEYS—PARTNER-
   SHIP.
   In an action by an attorney against his former partner for one-half
   of the fee in a damage action, a payment by defendant to outside counsel
   retained without plaintiff's consent cannot be charged by defendant as
   disbursements.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 30.*]

2. ATTORNEY AND CLIENT (§ 30*)—ACTIONS BETWEEN ATTORNEYS—PARTNER-
   SHIP.
   In an action by an attorney against a former partner for one-half the
   fee in certain action, which had been settled, medical expert fees paid
   out by defendant are proper disbursements to be credited defendant,
   where they were largely instrumental in obtaining the settlement.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 30.*]

Appeal from Special Term, New York County.

Action by Robert Townsend against Sidney S. Meyers.   From a
judgment for plaintiff (123 N. Y. Supp. 1075), defendant appeals.
Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Edward W. S. Johnston, for appellant.
Clarence Blair Mitchell, for respondent.

LAUGHLIN, J.   This action is brought to compel the defendant
to account to the plaintiff for an undivided one-half interest in moneys
received by the defendant on the settlement of a claim or cause of ac-
tion in favor of Bertha E. Strange against the New York, New
Haven & Hartford Railroad Company and the New York Central &
Hudson River Railroad Company for personal injuries, in which she
was represented by the defendant as attorney of record.

Either in the latter part of December, 1901, or in the month of
January, 1902, the plaintiff and defendant made a verbal agreement
to become copartners in the practice of law.   The copartnership was
dissolved by mutual consent on the 5th day of June, 1902, and a formal
dissolution agreement was executed adjusting their copartnership
affairs.   The client, Bertha E. Strange, met with the accident on which
her claim against the railroad companies was based on the 8th day
of January, 1902, and on the next day she gave the defendant a re-
tainer in writing.   He brought the action, which was settled on the
22d day of May, 1902, by the payment by the railroad companies of
the sum of $10,000 on account of damages and $500 for counsel fee.
The defendant gave the client $3,500, and retained the balance under
a claim based on the agreement between him and his client for services
and expenses.   He did not account to the plaintiff for any part of the
amount so retained, and the action is brought on the theory that the
copartnership was formed before the defendant received this retainer,
and that plaintiff was entitled to share in the amount received on ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

count of these services and was not aware of the existence of the retainer, or of the pendency of the action, or of the settlement, at the time of the dissolution of the copartnership, nor until long thereafter.

The claim of the defendant was that the copartnership was not to take effect until the 1st day of February, 1902, and that the item in question was not a copartnership matter. The trial court found that the copartnership was formed prior to the time the defendant was retained to enforce the claim against the railroad companies, and that by the terms of the copartnership agreement the parties were to share equally in the proceeds of all professional services rendered by either party during the continuance thereof, but it did not include the salary received by the plaintiff as an assistant district attorney.

We have examined the evidence on the main points of difference between the parties, and are convinced that it preponderates in favor of the plaintiff. We are of opinion, however, that the defendant should have been allowed an item of disbursements aggregating $400, which has been disallowed. In the month of May, 1906, a proceeding was instituted by the client, Bertha E. Strange, against the defendant to require him to pay over the balance of the proceeds of the settlement of her action against the railroad companies, less his proper charges for services and disbursements. This proceeding resulted in an order requiring him to pay over to her the further sum of $4,300, leaving a balance of $2,700 which the defendant had received and retained for services and disbursements. On the special proceeding by the client to compel the defendant to account for the balance of the amount which he retained, he employed Mr. Fox as counsel, and, before the matter was adjusted, an appeal was taken by him to this court from an order made at Special Term, and he incurred disbursements for printing aggregating $100. The trial court allowed this disbursement for printing and $450 paid to counsel so retained in the special proceeding, aggregating $550. This left a balance of $2,150 received and retained by the defendant for services, and the plaintiff has been awarded against him for one-half of that sum, together with interest thereon from the date of the dissolution of the firm.

The learned counsel for the defendant contends that he should have been allowed the further sum of $1,000 which he paid to one Bitterman, whom he employed as counsel when he received the Strange retainer, for services rendered as counsel. This claim was, we think, properly disallowed on the ground that it was the duty of the defendant to consult his partner, and he was not justified as against his partner in incurring that liability. It does appear, however, that the defendant employed and paid his client's doctor and other medical experts whose services would have been necessary on the trial of his client's cause of action, and were valuable in bringing about the settlement. According to his testimony, which is uncontradicted, he expended in all for medical services to his client and for the services of the experts, and perhaps some other small items of necessary disbursements, the sum of $400. He testified that he had a balance on hand of $750 of the total amount of $10,500 received from the rail-

road companies, and that he had expended the rest of the money in payments to his client, to his counsel in the proceeding instituted by his client against him, for printing papers on appeal in that proceeding, and to Bitterman and to the doctors. The amounts exclusive of the payments to the doctors aggregate $9,350, which shows that the amounts paid to the doctors was $400, for he gives the total amount disbursed by him at $9,750. He testified that he paid $156 to Dr. King, who attended his client, but the record does not show the items of the other disbursements, although it would seem that he handed a statement thereof to the court. On the trial the court requested the defendant to write out the items of disbursements which he claimed and to whom they were paid, and the record shows that, pursuant to this direction, he handed a paper to the court, at the same time stating in effect that there was exactly the sum of $750 left in his hands after the disbursements. After the defendant handed the paper to the court, the record shows that the court proceeded to state its contents, saying: "Mr. Meyers makes this statement of his disbursements, ·$3,500 paid to Miss Strange originally, $4,300 paid to Miss Strange subsequently— " At this point counsel for the plaintiff said: "That we admit." The court then proceeding said: "About $500 paid to doctors and some other minor disbursements." To this counsel for the plaintiff responded: "Those matters we should like an account of." It does not appear whether or not counsel for plaintiff subsequently saw the itemized statement which defendant handed to the court. The court subsequently, evidently referring to the items of disbursements handed up by the defendant, stated that they totaled $9,750, leaving a balance of $750 in the defendant's hands. There was no further request for a statement of these disbursements, and the matter does not appear to have arisen again on the trial. Assuming, as the court found, that the firm was entitled to the proceeds of the services rendered by the defendant for Miss Strange, the disbursements incurred by the defendant for medical experts was a proper firm charge, and the amount thereof should have been deducted from the balance of the settlement retained by the defendant.

The judgment should therefore be modified by deducting the sum of $200, together with interest thereon from the 5th day of June, 1902, and, as thus modified, affirmed without costs. All concur.